**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **FRED ENGLISH, # 08266-025** ) | |
| ) | |
| **Petitioner/Defendant,** ) | **CIVIL NO. 11-cv-146-JPG** |
| ) | |
| vs. ) | **CRIMINAL NO. 10-cr-40003-JPG** |
| ) | |
| **UNITED STATES of AMERICA,** ) | |
| ) | |
| **Respondent/Plaintiff.** ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is before the Court on Petitioner's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Petitioner is an offender who was out of prison on parole. On January 6, 2010, two Officers were assisting Petitioner's Parole Officer in a parole compliance check. These Officers approached a vehicle which Petitioner was in while it was stopped at a gas station. The Officers asked Petitioner his name, then asked Petitioner to step to the rear of the vehicle, which he did. Petitioner was detained until his Parole Officer arrived on the scene. Petitioner was then handcuffed and informed that the Parole Officer was going to conduct a parole compliance check at his place of residence. During the search, the Parole Officer found two stashes of cannabis, a loaded 38 pistol, a 30 round magazine with bullets for an assault rifle, and a loaded assault rifle. Petitioner was then taken into custody for parole violations.

On March 11, 2010, Petitioner pled guilty to the unlawful possession of a firearm by a person who has been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1) On June 24, 2010, Petitioner was sentenced to 120 months imprisonment, 3 years supervised release, a fine of $300, and was ordered to pay a special assessment

of $100. Petitioner did not appeal his conviction.

In his § 2255 motion, Petitioner raises one overall ground for relief: ineffective assistance of counsel. Petitioner claims that counsel was ineffective for a number of reasons: counsel failed to argue that Petitioner's Fourth Amendment rights were violated where he was detained, patted down, and handcuffed even though Officers had no reasonable suspicion to believe that Petitioner had been involved in a crime; counsel failed to file a motion to suppress the detention, search, and cuffing incident; and counsel failed to argue that Petitioner's Parole Officer's compliance check was not based on reasonable suspicion that Petitioner was violating his mandatory supervised release agreement.

"[A]n unconditional guilty plea waives all non-jurisdictional defects occurring prior to the plea[.]" *United States v. Villegas*, 388 F.3d 317, 322 (7th Cir. 2004)(quoting *United States v. Elizalde-Adame*, 262 F.3d 637, 639 (7th Cir. 2001)). However, a petitioner can challenge the guilty plea by a showing that his counsel rendered ineffective assistance during the plea process. *Hill v. Lockhart*, 474 U.S. 52, 56 (1984); *Villegas*, 388 F.3d at 322-23. In assessing this challenge, the Court will consider "whether counsel's conduct so undermined the proper functioning of the adversarial process that the [representation] cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). Petitioner must show that counsel's "representation fell below an objective standard of reasonableness" *Id*. at 688, by pinpointing "acts or omissions of counsel that could not be the result of professional judgment." *Sussman v. Jenkins*, No. 09-3940, slip op. At 47 (7th Cir. Apr. 1, 2011)(internal quotation marks and citations omitted); *see also Harrington v. Richter*, 131 S.Ct. 770, 787 (2011)("The challenger's burden is to show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the

defendant by the Sixth Amendment." (Internal quotation marks and citation omitted)).

Petitioner alleges in this motion that his trial counsel, by failing to address his Fourth Amendment claims, was ineffective so as to give Petitioner no other choice but to plead guilty. This, Petitioner claims, is not a "just result" as contemplated by *Strickland*, 466 U.S. at 686.

Petitioner filed a motion on February 25, 2011 asking the Court to order the Government to respond within a fixed time (Doc. 2). This is generally the practice maintained by this Court when handling motions pursuant to 28 U.S.C. § 2255, and does not require a motion to be made on the part of a petitioner. For this reason, the motion (Doc. 2) is **DENIED** as moot.

The Court **ORDERS** the Government to file a response to Petitioner's motion within **THIRTY (30) DAYS** of the date of this Order. The Government shall, as part of its response, attach all relevant portions of the record.

**IT IS SO ORDERED**.

DATED: June 6, 2011

        *s/J. Phil Gilbert*
        United States District Judge