UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FRED ENGLISH,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No. 11-cv-146-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Fred English's motion to vacate the judgment in this case pursuant to Federal Rule of Civil Procedure 60(b)(6) (Doc. 27).  He seeks to vacate the Court's January 9, 2012, order and judgment (Docs. 13 & 14) denying on the merits his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 based on alleged instances of ineffective assistance of counsel (Doc. 1).   In his Rule 60(b) motion, English attacks the Court's prior resolution of English's claims on the merits.

A post-judgment motion such as a Rule 60(b) motion that advances a new claim, that is, a new ground for relief from a conviction, or an attack on the Court's prior resolution of a ground for relief on the merits is a successive petition.  *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (*habeas* context); *see United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005) (considering post-judgment Rule 6(e) motion).   However, a Rule 60(b) motion that does not assert or reassert claims of error in the conviction and instead points to a defect in the integrity of the § 2255 proceedings is not a successive petition.  *Gonzalez*, 545 U.S. at 532; *see Scott*, 414 F.3d at 816.  Generally, decisions to deny a *habeas* petition based on the failure to exhaust state remedies, procedural default or the statute of limitations are not decisions on the merits and may be attacked

in a Rule 60(b) motion without amounting to a successive petition. *Gonzalez*, 545 U.S. at 532 n. 4.

English's pending motion attacks the Court's prior resolution of his ineffective assistance of counsel claims on the merits and is therefore a successive petition under the rule of *Gonzalez*. In order for this Court to consider a successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2255(h). *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). The Court of Appeals has not made such a certification. Therefore, the Court does not have jurisdiction to consider English's motion (Doc. 27) and **DISMISSES** it for **lack of jurisdiction**.

The Court further **DECLINES** to issue a certificate of appealability because English has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED.**
**DATED:   May 8, 2014**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**